28 U.S.C. § 2255 Motion and Supporting Documents

8:25cv489

**Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

Jacob Left Hand

Petitioner,

v.

United States of America,

Respondent.

Case No.:

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES NOW, the Petitioner, Jacob Left Hand, and respectfully moves this Honorable Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, and in support thereof states the following:

GROUND ONE: Ineffective Assistance of Counsel

Petitioner was denied effective assistance of counsel as guaranteed under the Sixth Amendment. Trial counsel's performance fell below an objective standard of reasonableness and prejudiced the

RECEIVED
AUG 0 4 2025
CLERK
U.S. DISTRICT COURT

outcome of the proceedings.

## 28 U.S.C. § 2255 Motion and Supporting Documents

Facts Supporting This Ground:

1. Failure to Investigate or Consult: Counsel deliberately refused to consult with Petitioner when requested or to discuss any defense strategy. He failed to investigate alibi witnesses or diligently examine facts that could exonerate Petitioner.

2. Failure to Review or Present Exculpatory Evidence: Petitioner provided counsel with key evidence proving innocence, including alibi information, factual timelines, and potential witness testimony. Counsel did not investigate or present this evidence.

3. Failure to Return Communications or Provide Discovery: Counsel failed to return Petitioner's phone calls and neglected to share discovery materials despite repeated requests. This failure left Petitioner uninformed and unprepared.

4. Procedural Failures and Brady Violations: Counsel failed to object to Brady violations or procedural irregularities, and made no effort to challenge the credibility of the complaining witness. This failure to advocate left prejudicial and untested testimony unchallenged. 5. Failure to Call Witnesses or Object at Trial: Counsel refused to perform key trial functions, such as calling witnesses, objecting to improper testimony, and preserving meritorious issues for appeal. 6. Failure to Pursue Actual Innocence Claim: Petitioner provided evidence supporting an actual innocence claim. Counsel failed to investigate or develop this defense, including potential alibi witnesses and physical evidence.

7. Prejudicial Racial Remark: Counsel made a racially charged comment to Petitioner, stating, "You're a big Indian." This comment suggests bias and a lack of genuine advocacy for Petitioner's defense.

Date: July 15, 2025

## Declaration in Support of 28 U.S.C. § 2255 Motion
### 28 U.S.C. § 2255 Motion and Supporting Documents

Declaration of Jacob Left Hand Pursuant to 28 U.S.C. § 1746

I, Jacob Left Hand, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1. I am the Petitioner in the above-captioned matter.

2. I am currently in the custody of the United States Bureau of Prisons as a result of a conviction in the United States District Court for the District of Nebraska.

3. I am submitting a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence due to ineffective assistance of counsel and other constitutional violations.

4. On or about Thursday, July 10, 2025, I was advised by attorney Michael Meister not to send or submit my affidavit or any complaints outlining claims of ineffective assistance of counsel. 5. This advice caused me concern, as I believe it obstructed my ability to fully present and preserve my legal claims in good faith. I prepared this motion independently to protect my constitutional rights.

6. I believe that my former counsel's actions-both during trial and afterward-have prejudiced my case, and that if the claims presented in my motion had been properly investigated or pursued, there is a reasonable probability the outcome of my trial would have been different. 7. I respectfully request that this Court consider this declaration as part of the evidentiary record supporting my § 2255 motion.

8. Interference With Post-Conviction Relief: On Thursday, July 10, 2025, attorney Michael Meister advised Petitioner not to submit his affidavit or any formal complaints regarding ineffective

**28 U.S.C. § 2255 Motion and Supporting Documents**

assistance of counsel. This instruction obstructed Petitioner's right to pursue legal remedies and raises serious concerns about counsel's loyalty and conflict of interest.

Prejudice Resulting From Counsel's Performance:

Had counsel adequately investigated, prepared, and presented Petitioner's defense-including calling witnesses, introducing exculpatory evidence, and challenging the prosecution's witness-there is a reasonable probability the outcome of the trial would have been different.

PRAYER FOR RELIEF:

WHEREFORE, Petitioner respectfully prays that this Court:

- Grant this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255;

- Conduct an evidentiary hearing on the facts alleged;

- Vacate the judgment and sentence imposed in this case;

- Grant a new trial or release Petitioner from custody; and

- Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jacob Left Hand

Reg. No.

Scottsbluff County Detention Center

2522 7th St, Gering, NE 69341

Executed this 19 day of July, 2025.

Signature: _[signature]_

28 U.S.C. § 2255 Motion and Supporting Documents

Printed Name: Jacob Left Hand
Register Number: 42866
Institution Name: Scottsbluff County Detention Center
City, State: Scottsbluff, NE 69361

Jacob Lett Hand #428606
Scotts Bluff County Detention Center
2522 7th St.
Goring, NE 69341

RECEIVED
AUG 0 4 2025
CLERK
U.S. DISTRICT COURT

United States District Court
District of Nebraska
Roman L. Hruska U.S Courthouse
111 South 18th Plaza, Suite 1152
Omaha, NE 68102