IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACOB LEFT HAND,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | **8:25CV489**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 1, filed on August 4, 2025. Petitioner alleges that he is "currently in the custody of the United States Bureau of Prisons as a result of a conviction in the United States District Court for the District of Nebraska." *Id.* at 3. However, a search of this Court's records does not return any results for criminal cases involving Petitioner. Rather, a search of Nebraska state court records, available to this Court online, shows that Petitioner was convicted on July 21, 2025, of first degree sexual assault in the District Court of Scotts Bluff County, Nebraska, in *State v. Jacob W. Left Hand*, Case No. CR24-562.[1] Moreover, a search of the Nebraska Department of Correctional Services' ("NDCS") online records indicates Petitioner is currently in NDCS custody and confined in the Reception and Treatment Center in Lincoln, Nebraska.[2]

---

[1] The Court takes judicial notice of Petitioner's state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[2] When Petitioner filed his petition, which is dated July 19, 2025, he was confined in the Scottsbluff County Detention Center. Filing No. 1 at 5.

A *federal* prisoner challenging the legality of his sentence must raise his claims in a motion under 28 U.S.C. § 2255, but a prisoner in *state* custody challenging his state-court judgment of conviction must do so through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Accordingly, the Court hereby notifies Petitioner that it will treat his Motion Under 28 U.S.C. § 2255 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States,* 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, he should be aware of his obligation to exhaust all his state court remedies before seeking habeas relief pursuant to § 2254 and his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies.

First, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of

Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

Second, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the United States of America as the respondent in this matter, but he is not in federal custody so the United States is not the proper respondent.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **September 8, 2025,** voluntarily withdraw his pleading entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **September 8, 2025,** file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition.

3. The Court will reserve ruling on Petitioner's motion for leave to proceed in forma pauperis, Filing No. 2, filed on August 4, 2025, until Petitioner has a chance to respond to this order.

4. If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to send to Petitioner the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

6. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:25CV489).

7. The Clerk of the Court is directed to set the following pro se case management deadline: **September 8, 2025**: check for motion to withdraw or amended habeas petition.

8. The Clerk of the Court is further directed to send a copy of this Memorandum and Order to Petitioner at the address on file and to the following address: Jacob Left Hand, #220735, Reception and Treatment Center, PO Box 22800, Lincoln, NE 68542-2800.

9. Petitioner shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 8th day of August, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge